# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CASE NO. 1:23-CR-19 AW/MAL |
| -vs- ) | |
| JESSE RANCE MOORE, ) | |
| Defendant. ) | |

## DEFENDANT MOORE'S MOTION TO DISMISS INDICTMENT AND MEMORANDUM OF LAW

Defendant, Jesse Rance Moore, by his undersigned counsel, moves to dismiss the Indictment in this cause on constitutional grounds. Defendant is charged with violating the National Firearms Registration Act, hereinafter the NRA, 26 *USC* §§5841, et seq. The foregoing statute is unconstitutional as violative of *Const. Amend. 2,* which guarantees every United States citizen the right to keep arms (firearms) in the home for self-defense. In support of this motion Defendant would show:

1. The Indictment in this cause charges Defendant with possession of three (3) rifles, each having a barrel length of less than 16 inches. Further, it is charged the firearms were not registered to him under the NFA.

2. As its authority to prosecute Mr. Moore, the government cites 26 *USC* §§5845(a)(3) and (c), 5861(d) and 5871, all from the NFA.

3. Prior to the government seizure of these firearms at Mr. Moore's residence June 27, 2022, he had no felony conviction and was otherwise not a prohibited person.

4. Jesse Rance Moore's ostensible possession of the three (3) short barrel rifles (hereinafter SBRs) was protected by his rights under *U.S. Const., Amend. 2*; *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 107, 1425 S.Ct. 2111, 213 L.Ed.2d 387 (2022).

**WHEREFORE,** Defendant Moore moves the Court for its Order dismissing the Indictment on the grounds that the statute under which he is charged is unconstitutional.

## MEMORANDUM OF LAW

*Brief Facts*: Counsel believes the following facts are not disputed. Mr. Moore is a United States citizen and was so at all times material. The firearms with which he is charged were all seized from inside his residence on June 27, 2022. Prior to June 27, 2022, Defendant had no felony convictions and was not a prohibited person under the Gun Control Act (hereafter GCA). All of the receivers of the three (3) purported SBRs were duly registered to Mr. Moore under the GCA. Since June 27, 2022, the purported SBRs have been in *custodia legis*.

*Question Presented*: Does the NFA violate the Second Amendment right to keep firearms in the home for self-defense.

*Answer*:  The NFA violates the Second Amendment because any U.S. citizen can keep arms in the home for self-defense when there is no historied analogue that would support the government regulation of barrel length and/or not paying a tax.

*Discussion*:  Defendant Moore relies on *Bruen, supra* that held a two-part test is applied to determine constitutionality of gun regulation:

> "When the Second Amendment's plain text covers an individual's conduct, the Constitution preemptively protects that conduct.  The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation."

*Bruen*, 142 S.Ct. 211, 2129, 2130.

Although Bruen dealt with "carry" outside the home, the very first sentence of the opinion restated the law that firearms could be possessed inside the home as well for self-defense, citing its prior decisions in *Heller*[1] and *McDonald*[2].  *Heller* is important because it decided that regulation of firearms did not exclusively involve the keeping of a militia, but that the individual citizen had the right to keep and bear arms unrelated to keeping of a militia.  *Bruen*, likewise, grounded its holding on the individual right to keep and bear arms under the Second Amendment.

The only case counsel is aware of where the Supreme Court passed on the

---

[1] Full cite is *District of Columbia v. Heller*, 554 U.S. 570 (2008)
[2] *McDonald v. Chicago*, 561 U.S. 742 (2010)

3

constitutionality of the NFA is *United States v. Miller*, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206 (1936).  The *Miller* court said that the Second Amendment does not guarantee the right to keep and bear arms unless it relates to preservation of a well-regulated militia.  *Miller*, 59 S.Ct.816, 818.  The *Miller* holding does not apply to Defendant Moore's case, because it was abrogated by *Bruen*.

       /s/Anderson E. Hatfield
**ANDERSON E. HATFIELD**
**Attorney for Defendant**
**Post Office Box 2085**
**Keystone Heights, FL   32656**
**(352)-377-5704**
**Florida Bar No. 142398**
**Hatlaw1@gmail.com**

## CERTIFICATE OF WORD COUNT

I certify the word count of this Motion and Memorandum is 645.

**/s/Anderson E. Hatfield**
**ANDERSON E. HATFIELD**
**Attorney for Defendant**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was filed on CM/ECF, for service on all parties of record, this 22nd day of May, 2024.

       /s/Anderson E. Hatfield
**ANDERSON E. HATFIELD**
**Attorney for Defendant**