**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                    **Case No. 1:23-cr-19-AW-MAL**

**JESSE RANCE MOORE,**

     **Defendant.**

_____/

## ORDER DENYING SECOND MOTION TO DISMISS

A grand jury indicted Jesse Rance Moore for violating the National Firearms
Registration Act (NFA). ECF No. 1 at 1. Specifically, the Indictment alleges Moore
possessed unregistered short-barreled rifles. *Id.*; *see also* 26 U.S.C. § 5861(d) ("It
shall be unlawful for any person . . . to receive or possess a firearm which is not
registered to him in the National Firearms Registration and Transfer Record."); 26
U.S.C. § 5845(a)(3) (defining "firearm" to include "a rifle having a barrel or barrels
of less than 16 inches").

Moore moved to dismiss, contending the statutory definition of "rifle"—as
ATF interprets it—is unconstitutionally vague. *See* ECF No. 18. The court denied
that motion. ECF No. 27. Moore has now filed a second motion to dismiss. This
time, he contends the National Firearms Registration Act violates the Second
Amendment under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1
(2022). Moore relies entirely on *Bruen*, and he asks too much of it. I must therefore
deny his motion.

1

In *Bruen*, the Supreme Court struck down a New York law that required citizens seeking concealed-carry permits to show some "special need" for self-defense. *Bruen*, 597 U.S. at 11. The Court held that the law was invalid because "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *Id.* at 10.

The Court reiterated its earlier holdings in *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. Chicago*, 561 U.S. 742 (2010), and it rejected the lower court's application of intermediate scrutiny to the Second Amendment:

> [W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Bruen*, 597 U.S. at 24 (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50, n.10 (1961)). The Court then undertook a detailed historical analysis, ultimately concluding the New York statute was inconsistent with historical tradition. But in doing so, the Court reaffirmed that some firearm regulations *are* consistent with American history. *Id.* at 21 ("'From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was *not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever*

*purpose*.' For example, we found it 'fairly supported by the historical tradition of prohibiting the carrying of "dangerous and unusual weapons"' that the Second Amendment protects the possession and use of weapons that are 'in common use at the time.'" (emphasis added) (quoting *Heller*, 554 U.S. 570, 626-27 (2008)). Moore offers no argument that short-barreled rifles are (or have been) "in common use" for self-defense. And there are several suggestions that they are not.

For one, Congress enacted the NFA (which regulates short-barreled rifles) to crack down on specific types of unusual and dangerous weapons criminals used in the Prohibition era. *United States v. Thompson/Ctr. Arms Co.*, 504 U.S. 505, 517 (1992) ("[T]he NFA's object was to regulate certain weapons likely to be used for criminal purposes . . . ."); *Mock v. Garland*, 75 F.4th 563, 568 (5th Cir. 2023) ("[T]he NFA was designed to target 'gangster-type weapons' that are 'especially dangerous and unusual.'"). Firearms that are "especially dangerous and unusual" are distinct from those commonly used.

But more importantly, binding precedent confirms that the Second Amendment does not protect short-barreled firearms. In *United States v. Miller*, 307 U.S. 174 (1939), the Court rejected an argument that the Second Amendment protects a right to have "a 'shotgun having a barrel of less than eighteen inches in length,'" noting there was no indication "that this weapon is any part of the ordinary military equipment." *Id.* at 178. Later, in *Heller*, the Court explained that *Miller*'s

holding meant "that the sorts of weapons protected were those 'in common use at the time.'" *Heller*, 554 U.S. at 627 (quoting *Miller*, 307 U.S. at 179). More recently, relying on *Miller*, the Eleventh Circuit reiterated that the Supreme Court has "squarely rejected" the argument that the NFA violates the Second Amendment. *United States v. Wilson*, 979 F.3d 889, 903 (11th Cir. 2020); *see also U.S. v. Tagg*, 572 F.3d 1320, 1326-27 (11th Cir. 2009); *United States v. Fincher*, 538 F.3d 868, 870, 873-74 (8th Cir. 2008) (cited in *Tagg*) (holding post-*Heller* that Second Amendment did not protect possession of unregistered sawed-off shotguns because they were "not in common use by law-abiding citizens for lawful purposes and therefore [fell] within the category of dangerous and unusual weapons that the government can prohibit for individual use"); *United States v. Cox*, 906 F.3d 1170, 1186 (10th Cir. 2018) ("[W]e take our cue from *Heller* and conclude that the possession of short-barreled rifles falls outside the Second Amendment's guarantee.").

In Moore's view, "[t]he *Miller* holding does not apply [here] because it was abrogated by *Bruen*." ECF No. 34 at 4. I cannot agree. The Eleventh Circuit rejected a similar argument in concluding that *Bruen* did not abrogate Circuit precedent upholding the felon-in-possession statute. *See United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024). "Because the Supreme Court 'made it clear in *Heller* that its holding did not cast doubt' on felon-in-possession prohibitions, and because

the Court made it clear in *Bruen* that its holding was 'in keeping with *Heller*,' *Bruen* could not have clearly abrogated our precedent upholding section 922(g)(1)." *Id.* (cleaned up) (first quoting *McDonald*, 561 U.S. at 786; and then quoting *Bruen*, 597 U.S. at 17). The same answer applies here. In *Heller*, the Court concluded that "the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, such as short-barreled shotguns." 554 U.S. at 625. And *Bruen* did nothing to undermine *Heller*.

Finally, even if *Bruen* meant Congress could not prohibit possession of short-barreled rifles, that is not what Congress has done. The NFA establishes penalties for *failing to register* certain firearms, including short-barreled rifles. Moore faces charges for possessing unregistered firearms. This is thus quite unlike the situation in *Bruen*, where the law precluded any possession of a firearm without showing "good cause." This provides an independent reason to conclude *Bruen* did not abrogate the precedent identified above.

In short, Moore has not shown that the NFA violates the Second Amendment. His second motion to dismiss (ECF No. 34) is DENIED.

SO ORDERED on June 12, 2024.

s/ *Allen Winsor*    
United States District Judge