IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                            Case No. 1:23-cr-19-AW-MAL

JESSE RANCE MOORE,

    Defendant.

_____/

## ORDER DENYING THIRD MOTION TO DISMISS

Mr. Moore is now proceeding pro se. *See* ECF No. 64. His prior counsel filed a third motion to dismiss, ECF No. 55, and the government filed a response in opposition, ECF No. 57. At the most recent hearing, I indicated that I would give Moore an opportunity to supplement that motion (if he chose to) before I addressed it. Moore has filed no supplement, and the motion is now ripe.

The motion does not demonstrate any basis for dismissal. The argument is that "[b]y Final Rule dated January 13, 2023, the United States Attorney General granted a period of Amnesty, January 31, 2023 to May 31, 2023, in which any person could purge their non-compliance with the [National Firearms Act] as to [short-barreled rifles]." ECF No. 55 at 2 (citing 88 F.R. 6569-6575). One way someone could purge noncompliance, Moore says, is by turning any noncompliant rifles over to ATF. He contends ATF's seizing the rifles at issue here either constituted such turnover or "prevented [Moore's] compliance." *Id.* at 3. Either way, Moore concludes, the court must dismiss the Indictment.

1

The argument fails for several reasons. One, Moore has not shown that the rifles at issue here are the type of rifles at issue in the Rule he cites. Two, he has not shown that the Rule granted "amnesty" or acted akin to a presidential pardon, as he suggests. And three, he has not shown the pre-Rule seizure here would constitute compliance with the exception the Rule provides (assuming compliance would otherwise preclude prosecution).

The motion (ECF No. 55) is DENIED.

SO ORDERED on July 9, 2024.

s/ *Allen Winsor*
United States District Judge
