IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                                              CASE NO. 1:23CR19

JESSE RANCE MOORE

_____/

## MOTION FOR NEW TRIAL

The Defendant, JESSE RANCE MOORE, through his undersigned attorney, files this Motion for a New Trial, under Rule 33, Federal Rules of Criminal Procedure. In support of this motion, Mr. Moore states the following:

1. On August 22, 2023, Mr. Moore was indicted on One count of Possession of a Firearm as defined in Title 26, United States Code, Section 5845(a)(3) and (c), in violation of Title 26, United States Code, Sections 5861(d) and 5871.

2. This matter proceeded to jury trial on September 30, 2024. The Defendant represented himself at trial.

3. During *voir dire* the members of the jury pool were asked if they knew any members of the prosecution, the defense, and a list of prospective witnesses. No jurors answered in the affirmative to knowing any of the named parties or witnesses.

4. After the conclusion of the trial and after a verdict was returned, Defendant's family members and Defendant, himself, realized that they knew one of the jury members. Neither Defendant Moore nor his family realized this until after the trial had concluded.

5. Defendant and his family have had several interactions with this particular juror at a mutual hunting club. After this realization, Defendant recalled a disagreement with the juror that occurred at the hunting club. Additionally, Defendant's mother and the juror are neighbors, and have known each other and respective families for some time. Defendant's mother was announced as a potential witness during jury selection, but ultimately did not testify. Defendant's nephew was also named as a potential witness and did testify. Defendant's nephew and the juror's son are friends, and the nephew knows the juror in question.

6. Given the history of the juror's contacts with not only the Defendant, but his family, it is highly likely the juror provided false answers during jury selection when asked if he had known the Defendant or any of the named witnesses, specifically Defendant's mother and nephew. Failure to disclose such a relationship deprived the Defendant and the Court an opportunity to assess

the juror's partiality as well as the opportunity to strike the juror for cause or at least exercise a peremptory challenge if the for-cause challenge was denied.

7. There is scant caselaw on this direct issue, however, *United States v. Costa,* 890 F.2d 480 (1st Cir. 1989), provides a framework for which the Court can assess the claim in question and decide whether a new trial is warranted. The *Costa* case illustrates that a post-trial hearing is appropriate to assess any possible bias by the juror's failure to disclose his relationship with the Defendant. *Costa*, 890 F.2d at

8. Additionally, *United States v. Carpa*, 271 F.3d 962 (11th Cir. 2001) lays out what a defendant making a claim of juror misconduct must show. Specifically, a defendant must show that a juror failed to honestly answer a question in *voir dire*, and that a correct response would have provided a valid basis for a challenge for cause. *Carpa,* 271 F.3d at 967; *See McDonough Power Equip. v. Greenwood*, 464 U.S. 548, 556 (1984).

**WHEREFORE,** based on the foregoing, the Defendant respectfully requests an Order from the Court vacating the jury's verdict and granting him a new trial. In the alternative, Defendant requests a hearing be held to further evaluate these claims.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically furnished to James McCain, Assistant United States Attorney, Gainesville, FL, on this 8th day of October 2024.

Respectfully Submitted,
JOSEPH F. DEBELDER
Federal Public Defender

By: *s/ Darren Johnson*

Darren J. Johnson
Assistant Federal Public Defender
New York Bar No. 4056800
101 S. E. 2nd Place, Suite 112
Gainesville, FL 32601
(352) 373-5823